DAVID TREEFTZ, PROSECUTOR, v. THE BOARD OF EXCISE
    COMMISSIONERS OF THE CITY OF LAMBERTVILLE
    AND EUGENE M. BEAUMONT.

Argued February 20, 1906—Decided February 26, 1906.

A resolution of the board of excise commissioners transferring a
    liquor license to one of its members who was present and voted
    for the resolution is voidable upon *certiorari*.

On *certiorari*.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the prosecutor, *John H. Backes.*

For the defendants, *Lambert H. Sergeant.*

The opinion of the court was delivered by

GARRISON, J.   This writ brings up a resolution of the
board of excise commissioners of the city of Lambertville
transferring a liquor license to the defendant Eugene M.
Beaumont, one of the members of the board.

At the meeting at which the resolution was adopted five
members of the board were present and voted upon the reso-
lution, three for and two against its adoption, the transferee
being one of the three.   This statement is sufficient to con-
demn the resolution, which, inasmuch as it did not lay down
a general rule, but, on the contrary, granted a special privi-
lege, was in its nature judicial as distinguished from legis-
lative.   *Traction Company* v. *Board of Public Works,* 27
*Vroom* 431.

In the case cited an ordinance of a municipal board was
set aside because one of its voting members was a stockholder
in the corporation to which a special privilege was granted
by the ordinance, although the vote of such member was not

needed to pass the ordinance; *a fortiori* must the same result follow when the voting member is the person actually benefited by a resolution, to the adoption of which his vote was necessary.

The resolution is set aside, with costs.